# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CRAIG NELSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-00895-CV-RK |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, | ) | |
| STEPHEN PIGGOT, RICHARD COHEN, | ) | |
| MORRIS DEES, HEIDI BEIRICH, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Plaintiff's motion for reconsideration of the Court's July 31, 2019 Order as to its dismissal of Counts IV and V. (Doc. 49.) After careful consideration, Plaintiff's motion for reconsideration is **DENIED**.

Although the Federal Rules of Civil Procedure "do not mention motions for reconsideration[,]" the Eighth Circuit has "determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (citation omitted). The Court's July 31, 2019 Order is a non-final order since it dismisses fewer than all claims. *See Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008) ("judgement" does not encompass an order dismissing fewer than all claims).

Plaintiff appears to assert that reconsideration is warranted based on a "mistake." *See* Fed. R. Civ. P. 60(b)(1) (allowing a court to relieve a party from an order due to, among other things, "mistake"). Plaintiff asks the Court to reconsider its dismissal of Counts IV and V regarding the challenged statements in the Article characterizing Plaintiff as "anti-immigrant" and "racist." Plaintiff's first reason in support of reconsideration is that his strongest argument for why Counts IV and V survive dismissal was in his sur-reply. (Doc. 37.) Plaintiff maintains that the argument in his sur-reply was not considered because the sur-reply was improperly docketed in relation to the wrong motion. Plaintiff's first ground for reconsideration is without merit. For one, the argument Plaintiff refers to in his sur-reply is duplicative of his opposition to SPLC's motion to

dismiss. (*Cf.* Doc. 33 at 7-8, *with* Doc. 37 at 4-5.) Also, irrespective of how it was docketed, Plaintiff's sur-reply was in fact a sur-reply filed without leave, and therefore properly stricken.

Turning to the merits of the argument in Plaintiff's sur-reply that is referenced in the motion for reconsideration, Plaintiff's argument does not constitute grounds for relief from the Court's prior dismissal of Counts IV and V. Plaintiff argues that the Article supports its characterization of him as "anti-immigrant" and "racist" by giving the reader a false impression about billboards associated with Plaintiff. Plaintiff points to the following statement in the Article:

> The group made a name for itself by sponsoring racist billboards. One on display in New York City depicted a white boy and the words, "Immigration is doubling U.S. population in my lifetime."

(Doc. 49 at 3.) In Plaintiff's motion for reconsideration, he appears to suggest that this statement is misleading because all the billboards in question featuring the white boy also featured a black girl. (*Id.*) But in Plaintiff's Complaint, he alleges the billboards in question featured both "white and non-white children." (Doc. 6 at 52, ¶ 121.) This allegation could be construed in different ways but for the fact that Plaintiff clarifies in later briefs that the billboard described in the Article did feature a white boy, while other billboards featured a black girl, (Docs. 33 at 8; Doc. 37 at 4).

Based on Plaintiff's allegation, as clarified in later briefs, the Court's dismissal of Counts IV and V still stands because the Article's description of the billboard was accurate. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19-20 (1990) (opinion is constitutionally protected unless it can be reasonably interpreted to declare or imply untrue facts); Restatement 2d of Torts § 566, Illustration 5(2) (opinion not actionable if based on true facts). Plaintiff cannot now amend his pleadings through his motion for reconsideration. However, to the extent Plaintiff desires to plead that the billboard described in the Article featured a white boy and a black girl, Plaintiff is free to file for leave to amend his Complaint.[1]

Accordingly, Plaintiff's motion for reconsideration is **DENIED**. (Doc. 49.)

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
DATED: December 3, 2019     UNITED STATES DISTRICT COURT

---

[1] The Court cautions Plaintiff that Federal Rule of Civil Procedure 11, which applies to pro se plaintiffs and represented parties alike, provides for sanctions where an attorney or party signs, files or advocates for "a pleading, written motion, or other paper" that contains factual contentions without factual support. Fed. R. Civ. P. 11(b)(3).