IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CRAIG NELSEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:18-00895-CV-RK |
| SOUTHERN POVERTY LAW CENTER, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Non-party Sherman Davis' ("Davis") *pro se* motion to intervene pursuant to Federal Rule of Civil Procedure 24. (Docs. 50, 71.) For the reasons below, Davis' motion is **DENIED**.

I.  **Background**

This action stems from an article on Defendant Southern Poverty Law Center's ("SPLC") "Hatewatch blog" (the "Article") featuring Plaintiff Craig Nelsen ("Plaintiff" or "Nelsen") and his attempt to start the Robinson Jeffers Boxing Club ("RJBC"), which was designed to be a drug treatment program for men. On November 13, 2018, Plaintiff filed this action for defamation against the SPLC and several employees, officers, and directors of the SPLC alleging that the Article defamed Nelsen and ultimately prevented him from starting the RJBC. The Court previously dismissed the named individual defendants as well as portions of Nelsen's complaint for failure to state a claim upon which relief can be granted. The only remaining claims are against the SPLC based on the alleged implications in the Article that Nelsen was planning to open a "whites-only" club. (Doc. 45.)

On January 11, 2019, Plaintiff filed a motion to join Sherman Davis as a plaintiff. (Doc. 21.) The Court denied that motion on July 31, 2019, because Plaintiff, as a non-lawyer, cannot represent or file on behalf of Davis. (Doc. 45.) On August 20, 2019, Sherman Davis, *pro se*, filed a motion seeking to intervene in this action as a plaintiff but failed to attach a pleading that sets out the claim for which intervention is sought. (Doc. 50.) As a result, on December 3, 2019, the Court held in abeyance its ruling on Davis' motion and allowed Davis to supplement his motion with an accompanying pleading. Davis has now supplemented his motion

and has included a proposed single-paragraph pleading. (Doc. 71 at 2.) Defendant filed suggestions in opposition to Davis' motion. (Doc. 72.) Davis did not file a reply.[1]

Davis' pleading, in its entirety, states as follows:

I am Sherman Davis, and the business partner of [Plaintiff] Craig Nelsen. I hold a clinical medical credential with experience as certified fitness trainer. As a managing partner my objective was centered [sic] advancing each member conceptual and physical competency of the concept of wholistic boxing each respondentfitness p [sic] presented of each member. The Robinson Jeffers Boxing Club my . [sic] Therefore, I have a financial interest. When they (Stephen Spiggot and the Southern Poverty law Center) wrote about The Robinson Jeffers Boxing Club thereby defaming me (As stated in the complaint). Therefore, I was personally defamed and financially damaged [sic] the defamation. The SPLC's RSS publication / blog authored by Spiggot titled so called "Hate Watch".

(Doc. 71.) In support of his motion, Davis contends that Plaintiff is unable to protect his interests; that his participation in the lawsuit will not burden the Court because the facts are the same; and that it is his belief "this is the only way [he] can see justice." (Doc. 50 at 1.) When supplementing his motion, Davis further maintained that filing his own case may result in two conflicting results and that he, like Plaintiff, was defamed by the Article's claim that the RJBC was for whites only.[2] (Doc. 71 at 1.)

## II.   Discussion

Intervention as of right under Rule 24(a)(2) grants a party a right to intervene if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Permissive intervention under Rule 24(b), in part, provides that "the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." For either intervention as of right or permissive intervention, a would-be intervenor must

---

[1] Plaintiff filed a reply brief regarding his two motions, and in that brief, Plaintiff also attempts to reply regarding Davis' motion. (Doc. 74.) However, as a non-lawyer, Plaintiff can neither represent Davis nor file on his behalf.

[2] The Court notes that Davis, in his original motion to intervene, references a claim for "torscios [sic] interference." (Doc. 50 at 1.) However, because the only claim Davis references in his proposed complaint is a claim for defamation (Doc. 71 at 2), the Court will disregard the reference to a tortious interference claim and proceed to analyze the propriety of Davis' intervention for the purpose of bringing a claim for defamation.

demonstrate it has standing under Article III of the Constitution. *E.g.*, *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833-34 (8th Cir. 2009). Davis' motion will be denied because Davis fails to demonstrate standing, fails to allege a facially viable claim, and fails to show an independent basis for the Court's subject-matter jurisdiction.

    A.    **Timeliness**

As a threshold matter, when a party seeks to intervene—whether as of right or otherwise—"the motion must be timely." *ACLU of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1093 (8th Cir. 2011). Timeliness requires consideration of the following factors: "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." *Colella's Super Mkt., Inc. v. SuperValu, Inc. (In re Wholesale Grocery Prods. Antitrust Litig.)*, 849 F.3d 761, 767 (8th Cir. 2017) (quoting *ACLU of Minn.*, 643 F.3d at 1094).

After consideration of the four factors, the Court concludes that Davis' motion to intervene is timely. Although the case has been pending for over fifteen months, the case is at an early stage in litigation in that discovery has not yet been completed due to previous requests for extensions and stays. Davis' delay in filing the instant motion is likely due to Plaintiff's earlier motion to join him. Davis' knowledge of the case stems back to three months after the case was filed (January 2019) as shown by Davis' signature appearing on Plaintiff's earlier motion to join him. (Doc. 21.) The Court denied Plaintiff's motion to join Davis in July 2019, after which, Davis filed his motion to intervene in the next month. Finally, the SPLC does not make any argument related to prejudice.

    B.    **Standing**

To demonstrate standing, a proposed intervenor must show: (1) injury-in-fact, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992). In particular, the injury must be "an invasion of a legally protected interest that is concrete, particularized, and either actual or imminent." *Curry v. Regents of the Univ. of Minn.,* 167 F.3d 420, 422 (8th Cir. 1999). The alleged injury must also be "fairly traceable to the defendant's conduct" and capable of being remedied by a favorable decision. *Metro. St. Louis Sewer Dist.*, 569 F.3d at 834.

The SPLC contends, and the Court agrees, that Davis lacks standing, and in particular, an injury-in-fact, to bring a defamation claim for the reputational injury allegedly suffered by

Plaintiff. Although Davis alleges injury on the basis that the SPLC's Article "personally defamed" him, as discussed below, Davis fails to plead facts to show the Article was reasonably understood as being "of and concerning" him. Therefore, Davis fails to demonstrate standing.

      **C.**      **Facial viability of Davis' claim**

"A court ruling on a motion to intervene must accept as true all material allegations in the motion to intervene and must construe the motion in favor of the prospective intervenor." *Nat'l Parks Conservation Ass'n v. United States EPA*, 759 F.3d 969, 973 (8th Cir. 2014)**.** However, the motion may be denied if the claim is "frivolous on [its] face" or otherwise "legally futile." *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999) ("application for intervention cannot be resolved by reference to the ultimate merits of the claim the intervenor seeks to assert unless the allegations are frivolous on their face").

Under Missouri defamation law, for challenged statements "to be actionable, they must refer to the plaintiff and to be understood by others as referring to the plaintiff." *May v. Greater Kan. City Dental Soc'y*, 863 S.W.2d 941, 944 (Mo. Ct. App. 1993). This doctrine is known as the "of and concerning" requirement. *Id.* The "of and concerning" requirement does not necessarily mean that the challenged statements must explicitly refer to the plaintiff. *See N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 288-290 (1964). The inquiry is whether a person reading the article would reasonably understand the offending words to refer to the plaintiff. *May*, 863 S.W.2d at 945. "If some question exists as to whether the offensive words are 'of and concerning' the plaintiff, the fact dispute is for the jury." *Id.* at 944 (citing *Hoeffner v. Western Leather Clothing Co.*, 161 S.W.2d 722, 726-27 (Mo. App. 1942)). "Likewise, if the words are unambiguous as to the person referred to, the issue may be one of law." *Id.* at 944-45.

Here, Davis seeks to assert a claim for defamation against SPLC based on the alleged implications in the Article that the RJBC, if opened, would be a "whites-only" club. Davis concedes he is not named in the Article. In addition, the Article neither refers to any other member of the RJBC nor does it infer management, ownership, or control of the RJBC by anyone other than Nelsen. Rather, the challenged statements in the Article unambiguously refer to Nelsen, Nelsen's pronouncements about the prospective RJBC, and Nelsen's past activities. The Article's title itself specifically targets Nelsen personally, and makes no reference to the RJBC. Specifically, the title refers to Nelsen's move to Missouri and claims that Nelsen has a history of

4

anti-immigrant activism and promoting white nationalist ideals.[3] For Davis to plead a viable defamation claim that is viable on its face, he must plead facts to show that the challenged statements in the Article were reasonably understood to refer to him.

Accepting Davis' threadbare allegations and construing them in his favor, the only allegations connecting him to the RJBC are that: (1) he is Nelsen's business partner with respect to the RJBC, (2) he is a managing partner of the RJBC, and (3) he has a financial interest in the RJBC. (Doc. 71 at 2.) Davis cannot automatically maintain a defamation claim for statements concerning the RJBC based on his affiliation with the RJBC. *See* Restat 2d of Torts, § 564A (individual member of group can maintain defamation claim for statements concerning a group only if (1) the group is so small that the matter can reasonably be understood to refer to the member or (2) the circumstances of publication give rise to the conclusion that there is a particular reference to the member). Even as a company manager and owner, Davis must allege facts to show that challenged statements referring to the company were not only about the company, but about him personally. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 399 (2d Cir. 2006) (allegations by company president and CEO showed the challenged statements were not only about plaintiff's company, but about the individual plaintiff where the plaintiff alleged he made all business decisions regarding the actions which are the subject of the lawsuit (citing *Caudle v. Thomason*, 942 F. Supp. 635 (D.D.C. 1996))). An asserted risk of loss is similarly insufficient to meet the "of and concerning" requirement to allow a person to maintain a defamation claim. *Id.* at 398.

Davis' statement in his supplementation that "[Nelsen] and I made RJBC and this was clearly around town" does not change the outcome. (*Id.* at 1.) This comment is both conclusory and unclear. In sum, Davis fails to provide facts to show that the challenged implication in the Article that the RJBC would be open to "whites-only" is of and concerning him, or in other words, that this implication was reasonably understood to refer to him. Davis' complaint is therefore frivolous on its face.

---

[3] The Article is titled as follows: "Craig Nelsen, a longtime anti-immigrant activist with a history of promoting white nationalist ideals, has resurfaced in Lexington, Missouri, after years of inactivity." (Doc. 45 at 15) (citing https://www.splcenter.org/hatewatch/2018/01/24/antiimmigrant-activist-craig-nelsen-resurfaces-missouri-attempting-start-boxing-club).

### D. Independent basis for subject-matter jurisdiction

Rule 24 does not itself provide a basis for federal subject matter jurisdiction. *See* Fed. R. Civ. P. 82. A party seeking to intervene must demonstrate that the Court has subject-matter jurisdiction over his or her claim. In a case founded solely on diversity jurisdiction, the Court lacks supplemental jurisdiction over claims by a party intervening as a plaintiff "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of [28 U.S.C. § 1332]." 28 U.S.C. § 1367.

The Court's jurisdiction of this case is founded solely on diversity jurisdiction. Given that Davis' claim sounds in defamation, the requirements for diversity jurisdiction must be met for the Court to have subject-matter jurisdiction. But notably absent from Davis' motion and proposed pleading is an independent basis for subject-matter jurisdiction. Therefore, the Court must deny Davis' motion to intervene for lack of subject-matter jurisdiction.

### III. Conclusion

Because Davis fails to demonstrate standing, fails to allege a facially viable claim, and fails to show an independent basis for the Court's subject-matter jurisdiction, his motion to intervene pursuant to Federal Rule of Civil Procedure 24 is **DENIED**. (Docs. 50, 71.)

The Court directs the Clerk of the Court to mail a copy of this Order, by regular mail, to Plaintiff Craig Nelsen at the address on file and to Non-party Sherman Davis at the address provided below:[4]

Sherman Davis
313 H St NW Apt #1
Washington, DC 20001-2658

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 5, 2020

---

[4] The Court notes that Davis did not provide a mailing address in his motion to intervene. In previous filings, it is indicated that Davis is homeless. (Doc. 21-3 at 4.) Other addresses provided for Davis in these previous filings include Plaintiff's address and the above Washington D.C. address. (Doc. 21-3 at 1; Doc. 21-1.) Davis is responsible for notifying the Court of his correct mailing address.